**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTHONY TRENELL BROWN (# 13683)**                                **PETITIONER**

v.                                                                                                              **No. 4:05CV133-M-S**

**RONALD W. KING, ET AL.**                                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Anthony Trenell Brown for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

Anthony Brown is in the custody of the Mississippi Department of Corrections and currently housed at the South Mississippi Correctional Institution. He was convicted of one count of possession of cocaine in the Circuit Court of Washington County, Mississippi. Brown was sentenced as a second or subsequent offender to serve a term of sixteen years in the custody of the Mississippi Department of Corrections. *See* State Court Clerk's Papers (C.P.), p. 17.

Brown appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

         A.       Did Brown Receive Effective Assistance of Counsel?

                 (1)      Trial counsel failed to raise issue of speedy trial violation.
                 (2)      Failure to receive adequate discovery in preparation for trial.
                 (3)      Failure to request a full evidentiary hearing on a motion to suppress.

(4) Failure to show the videotape taken the night of the arrest.
(5) Failure to request a continuance for Brown's illness on the day of trial.

B. Did The Trial Court Err In Trying Brown After A Hospital Stay?

C. Did The Trial Court Err In Denying A Full Suppression Hearing On A Motion To Suppress?

D. Was The Verdict Against The Overwhelming Weight Of The Evidence?

E. Did The Trial Court Err In Granting An Enhanced Sentence?

F. Were There Cumulative Errors Requiring Reversal?

On August 19, 2003, the Mississippi Court of Appeals affirmed Brown's conviction and sentence. *Brown v. State*, 854 So. 2d 1081 (Miss. App. 2003)(No. 2002-KA-00702-COA). The appellate court then denied Brown's petition for rehearing as untimely filed on September 23, 2003. Brown then filed a Petition for Writ of Certiorari with the Mississippi Supreme Court, which was denied February 5, 2004.

On March 24, 2005, Brown filed an "Application For Leave To Proceed In The Trial Court" and "Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court in which he raised the following issues (as stated by Brown):

A. The trial counsel for Anthony Brown's performance was extremely deficient and allowed the state to, among other things, violate his constitutional right to a speedy trial.

B. Brown's substitue appellate counsel denied effective assistance of counsel.

C. Ineffective assistance of counsel, allowed the court erred in forcing Anthony Brown to go to trial immediately after his release from the hospital following treatment for a diabetic coma.

D. Ineffective assistance of counsel, allowed the court erred in enhancing Brown's sentence based on the testimony of Melvin Edwards.

E. Constructive intent denial of assistance of counsel to give expectation to suppress evidence and the state to disclose evidence favorable to Anthony Brown.

F. The cumulative errors require reversal.

The Mississippi Supreme Court denied the application April 28, 2005, stating in pertinent part:

> After due consideration, the panel finds that Brown's claims regarding his right to a speedy trial and that his attorneys were ineffective for failing to raise his speedy trial claim*s* are barred by the doctrine of res judicata. Miss. Code Ann. § 99-39-21(3). The panel further finds that Brown's other claims that he received constitutionally ineffective assistance of counsel at trial and on appeal fail to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). The panel finds that Brown has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5). Accordingly, Brown's application for post-conviction collateral relief should be denied.

*See* **Exhibit D** to the state's answer.

On July 13, 2005, Brown filed a "Motion To Vacate The Sentence" in the Mississippi Supreme Court in which he alleged that the trial court exceeded its authority in enhancing his sentence without sufficient evidence to establish that Brown had previously been convicted under the "Controlled Substance Act." The supreme court dismissed the motion August 10, 2005, finding, in pertinent part:

> After due consideration, the panel finds that this is Brown's second motion seeking post-conviction relief and Brown does not meet any of the exceptions to the procedural bar. MISS. CODE ANN. § 99-39-27(9). Accordingly, the motion is barred as a successive writ and should be dismissed.

*See* **Exhibit E** to the state's answer. On August 23, 2005, Brown filed a "Petition For

Rehearing," which the Mississippi Supreme Court denied on August 24, 2005. *See* **Exhibit F** to the state's answer.

In the instant petition for writ of *habeas corpus*, Brown raises the following grounds for relief:

> **Ground One**: Trial counsel was ineffective in allowing the trial court to violate Brown's constitutional right to a speedy trial.
>
> **Ground Two**: Ineffective assistance of appellate counsel.
>
> **Ground Three**: The trial court erred in forcing Brown to go to trial immediately after his release from the hospital following treatment for a diabetic coma.
>
> **Ground Four:** The trial court erred in failing to conduct a suppression hearing.
>
> **Ground Five:** The verdict was against the overwhelming weight of the evidence.
>
> **Ground Six:** The trial court erred in enhancing Brown's sentence based on the testimony of Melvin Edwards.
>
> **Ground Seven:** Trial counsel was ineffective in failing to introduce a video tape of the arrest despite the fact that she created an expectation in the minds of the jury that the video tape was exculpatory and would be shown.
>
> **Ground Eight:** Reversal is required due to the cumulative errors.
>
> **Ground Nine:** The indictment was defective in that it was not filed by the circuit clerk until September of 2001.
>
> **Ground Ten:**[1] The trial court erred in enhancing petitioner's sentence without sufficient evidence to establish that petitioner had previously been convicted under the "Controlled Substance Act."

---

[1] The allegation contained in Ground Ten can be found in Brown's "Motion For Leave To Amend" filed in this court August 24, 2005.

**Discussion**

As discussed below, none of the grounds for relief in the instant petition have merit. Ground Nine must be denied under the doctrine of procedural default. In addition, Grounds Three, Four, Six, and Ten must be denied under the doctrine of procedural bar. Finally, Grounds One, Two, Five, Seven, and Eight were denied on the merits in state court, and Brown has not shown that the state courts' decision was unreasonable in fact or under the law.

**Procedural Default: Ground Nine**

In Ground Nine (indictment not filed with the Circuit Clerk until September 2001), Brown presents a claim which has not been presented to the state's highest court in a procedurally proper manner – and which is now procedurally barred due to petitioner's own inaction. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims). When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones, supra*, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Brown never raised the claim in Ground Nine at any level in state court. As such, he is barred under the doctrine set forth in *Sones* from proceeding with this claim in a federal petition for a writ of *habeas corpus*.

Brown cannot show "cause" under the "cause and prejudice" test necessary to allow the court to reach the merits of the claim despite the procedural bar – because no external impediment existed to prevent him from raising and discussing the claim properly as a ground for relief in state court. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). In certain

circumstances attorney error can constitute cause to overstep procedural default. That is not applicable in the present case. In order to argue that ineffective assistance of counsel caused Brown to default this claim, Brown would need to raise and exhaust, in his state petition for post-conviction relief, an independent claim of ineffective assistance of appellate counsel for failure to raise the claim in Ground Nine. *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000); *see also Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). Although Brown did raise a claim of ineffective assistance of appellate counsel in his petition for post-conviction relief, he did not argue ineffective assistance for appellate counsel's failure to raise the claim in Ground Nine on direct appeal. Neither may Brown fall back on the claim that a fundamental miscarriage of justice would occur if the court does not review the merits of his claims. This exception is reserved for cases of actual innocence. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this standard, Brown must support his allegations with new and reliable evidence that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Brown has not done so. As such, Brown's claim in Ground Nine remains procedurally defaulted, and this court may not review its merits.

### Procedural Bar: Grounds Three, Four, Six, and Ten

Similarly, Grounds Three (forcing Brown to go to trial just after his release from the hospital), Four (failure to conduct a suppression hearing regarding chain of custody of the evidence), Six (enhancing Brown's sentence based upon the testimony of Melvin Edwards, and Ten (enhancing Brown's sentence with insufficient proof that he had been convicted under the

"Controlled Substances Act" have all been reviewed by the Mississippi Court of Appeals and the Mississippi Supreme Court and found to be procedurally barred. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, 115 LED.2d 640 (1991). To determine the adequacy of a state procedural bar, a federal court must examine "whether Mississippi has strictly or regularly applied [them]." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). A state procedural rule must also be independent of the merits of the grounds for federal *habeas corpus* relief. *Sawyers v. Collins,* 986 F.2d 1493, 1499 (5th Cir. 1993) (citing *Harris v. Reed,* 489 U.S. 255, 260-63, 10 S.Ct. 1038, 1042-43, 103 LED.2d 308 (1989)).

The Mississippi Court of Appeals found the claim in Ground Three (forcing Brown to proceed with trial just after his release from the hospital) and Ground Six (enhancing Brown's sentence based upon the testimony of Melvin Edwards) to be barred from review because appellate counsel *failed to cite any authority* for his argument regarding these issues. The Mississippi Supreme Court has repeatedly found this to be a valid reason to bar a claim on appeal. *Harris v. State*, 386 So. 2d 393, 396 (Miss. 1980); *Kelly v. State*, 553 So. 2d 517, 520 (Miss. 1989); *Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996); *Taylor v. State*, 744 So. 2d 306, 310 (Miss. App. 1999); *Coney v. State*, 790 So. 2d 773, 806 (Miss. 2001); *Dawdle Butane Gas Co., Inc., v. Moore*, 831 So. 2d 1124, 1136 (Miss. 2002); *Jones v. Howell*, 827 So. 2d 691, 702 (Miss. 2002); *Alexander v. Womack*, 857 So. 2d 59, 62 (Miss. 2003); *Welcher v. State*, 863 So.

.2d 776, 812 (Miss. 2003).

The Mississippi Court of Appeals held that the claims in Ground Four (failure of the trial court to conduct an evidentiary hearing regarding the chain of custody of the evidence) and in Ground Six (enhancing Brown's sentence based upon the testimony of Melvin Edwards) had been waived because *the claims were not raised at trial or in Brown's motion for judgment notwithstanding the verdict*. The Mississippi Supreme Court has repeatedly held that failure to raise an issue at trial or in a motion for judgment notwithstanding the verdict constitutes waiver of the issue on appeal. *Piercy v. State*, 850 So.2d 219, 222 (Miss. App. 2003); *Reynolds v. State*, 818 So.2d 1287, 1289 (Miss. App. 2002); *Wansley v. State,* 734 So.2d 193, 198 (Miss. App. 1999); *Turner v. State,* 732 So.2d 937, 948 (Miss. 1999); *Smith v. State,* 729 So. 2d 1191, 1201 (Miss. 1998)*; Brewer v. State,* 725 So.2d 106, 132 (Miss. 1998); *Smith v. State,* 724 So.2d 280, 309 (Miss. 1998); *Hunter v. State,* 684 So.2d 625, 637 (Miss. 1996); *Foster v. State,* 639 So.2d 1263, 1288-89 (Miss. 1994); *Lambert v. State,* 574 So.2d 573, 577 (Miss. 1990). In addition, the Fifth Circuit has found this to be an independent and adequate state procedural rule sufficient to support the state's claim of procedural bar. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992).

Likewise, Brown's claim in Ground Ten (enhancement of his sentence with insufficient proof that he had previously been convicted under the "Controlled Substances Act") was raised in Brown's second petition for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court under MISS. CODE ANN. § 99-39-27(9) (successive writ) because Brown did not meet any of the exceptions that would permit him to raise a claim in a successive petition for post-conviction relief. Again, the Fifth Circuit has held that the Mississippi Supreme Court regularly uses the successive writ statute as an independent and adequate bar to such

claims. *Moore v. Roberts,* 83 F.3d 699, 703 (5th Cir. 1996); *Lockett v. Anderson*, 230 F.3d 695, 708 (5th Cir. 2000); *Lott v. Hargett,* 80 F.3d 161, 164, 165 (5th Cir. 1996).

In the present federal *habeas corpus* petition, Brown himself "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes,* 123 F.3d at 860 (citations omitted). Brown has not done so and has thus defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

As discussed for Brown's previous claims, he has shown neither cause for his default, nor prejudice that would result if the court did not hear his claims on the merits. Neither has he presented proof that he is actually innocent. As such, Brown's claims in Grounds Three, Four, Six, and Ten shall be dismissed as procedurally barred.

### Grounds One, Two, Five, Seven, and Eight: Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, Five, Seven, and Eight on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since Brown's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, Five, Seven, and Eight of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence

presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Standard of Review for Claims of Ineffective Assistance of Counsel**

To prove his claim of ineffective assistance of counsel, Brown must show that counsel's performance was deficient and that the deficiency caused him prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, Brown must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Grounds One and Seven: Ineffective Assistance of Trial Counsel

In Ground One, Brown argues that defense counsel was ineffective in failing to argue that the state violated the petitioner's constitutional right to a speedy trial. On appeal, the court made detailed findings of facts and conducted a thorough analysis of the speedy trial claim pursuant to each of the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972), the controlling Supreme Court authority on constitutional speedy trial issues . *Brown*, 854 So. 2d at 1083-1084. The four *Barker* factors are: (1) length of the delay, (2) reasons for the delay, (3) assertion of the right to a speedy trial, and (4) prejudice to the defendant. The court determined that these factors did not weigh in Brown's favor and, for that reason, there was no constitutional violation of petitioner's right to a speedy trial. *Id*. The court then held that because Brown's right to a speedy trial was not violated, Brown's attorney could not be deemed ineffective for failing to raise the speedy trial issue. *Id*. at 1084.

The ruling of the Mississippi Court of Appeals was reasonable in fact and in law. Brown was arrested on November 21, 2000, and held in jail until his indictment on August 23, 2001, because Brown had previously attempted to escape from custody. He waived arraignment on September 25, 2001. On November 26, 2001, the state sought and obtained a continuance because a material witness was unavailable to testify. On January 18, 2002, the state sought and obtained a second continuance because the analyst from the Mississippi Crime Laboratory, an essential witness, was unavailable to testify. Trial was held April 2, 2002.

Thus, Brown's trial occurred 497 days after his arrest. While delays of under one year are not presumptively prejudicial, it is unclear whether a delay of 497 days is prejudicial. Even assuming that such a delay triggers further inquiry, none of the other factors weigh in Brown's

favor. The reasons for the state's requested delays were the unavailability of key witnesses, which certainly constitute valid reasons for a continuance. This factor weighs against Brown. In addition, Brown never raised the speedy trial issue, so this factor weighs against him, as well. Finally, particularly given the overwhelming proof against him, Brown has not shown that the delay of 497 days has prejudiced him in any way. As Brown has not shown this analysis to be unreasonable, his speedy trial claim is without merit. Thus, trial counsel was effective in his decision not to raise a meritless claim. As such, Brown's claims of ineffective assistance of counsel in Ground One shall be denied.

In Ground Seven, Brown argues that defense counsel was ineffective in failing to play a video for the jury depicting the struggle between petitioner and the police when law enforcement, according to Brown, "allegedly" retrieved the cocaine from petitioner's mouth. Brown contends that defense counsel, in both opening statements and closing arguments – as well as during the cross-examination of the police officers – made comments regarding what the video would show. Brown thus argues that these repeated references to the video created an expectation by the jury that the images would be exculpatory – and would be shown. On direct appeal, the court held that Brown provided no evidence that the jury's verdict would have differed had they been shown the video – and for that reason Brown's claim of ineffective assistance of counsel failed to meet the standard set forth in *Strickland*. *Brown*, 854 So. 2d at 1084-1085 (Exhibit "A" to the state's Answer).

After reviewing the record, the court holds that defense counsel's comments regarding the video evince counsel's strategy: to use the state's own announcement (that the state would not be showing the video) against the state – suggesting to the jury the state was trying to hide

something by not playing the video. *See* State Court Record (S.C.R.) at 37, 54-55, 71, 121-124. Defense counsel must have determined that – strategically – the video would be more helpful to her client with its absence. Given the overwhelming evidence of Brown's guilt, defense counsel had few other options. Certainly Brown has proven neither deficient performance nor prejudice. As such, his claim in Ground Seven of ineffective assistance of trial counsel must fail.

Thus, the appellate court's finding that trial counsel was effective under *Strickland* was neither contrary to nor an unreasonable application of clearly established federal law. Therefore, Brown's claims for relief in Grounds One and Seven shall be denied.

### Ground Five: Ineffective Assistance of Appellate Counsel

In Ground Two, Brown alleges that he was denied effective assistance of appellate counsel because his attorney had a conflict of interest which caused him to be less than zealous in presenting Brown's issues for appellate review. Specifically, Brown contends that his appellate counsel, Howard Q. Davis, Jr., formerly served in the judiciary and was the judge who presided in 1994 over one of Brown's previous trials. Brown argues that this conflict is a breach of the duty of loyalty owed by an attorney to his client – and such breach is obvious by the fact that appellate counsel did not cite any authority for two of his issues on appeal, leading to a finding that the unbriefed issues were barred from appellate review.

*Strickland* applies when reviewing whether appellate counsel has given effective representation. *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). The *Strickland* test requires a demonstration of both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. A petitioner's failure to establish both prongs of the *Strickland* test requires the court to reject the claim. *Moawad v. Anderson*, 143 F.3d 942, 946

(5th Cir. 1998). In cases alleging a conflict of interest, however, prejudice may be presumed if counsel is "burdened by an actual conflict." *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067.

The leading authority on conflicts of interest between an attorney and his client is *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708 (1980). *Cuyler*, deals with conflicts in a situation where an attorney represents multiple clients and is thus not directly in point. The starting point in the analysis is whether there is an "actual conflict of interest" that "adversely affected counsel's performance." *Perilla v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000)(citations omitted). That appellate counsel once served as the judge on one of Brown's cases (assuming Brown is correct in this assertion) is not a conflict at all, much less an "actual" conflict that "adversely affected counsel's performance." Put simply, judges do no represent parties; instead, they are neutral arbiters of the law. No conflict arises from the mere fact that appellate counsel once served as a judicial officer and presided over Brown's case. Absent an actual conflict, prejudice cannot be presumed – and must be proven. *See Strickland* 466 U.S. at 692, 104 S.Ct. at 2067.

In the instant case, Brown argues that Davis, by virtue of having presided over one of Brown's cases, was prejudiced against him – and therefore deliberately set out to sabotage Brown's appeal. There is no evidence to support this bare allegation. Brown arrives at this conclusion because Davis did not cite any legal authority for Issues II and V on appeal, and the appellate court found those issues to be barred from appellate review.[2] Davis obviously failed to cite authority in his discussion of these issues; however, it appears that the authority to support the particular claims, which have little, if any, support in the record, simply did not exist.

---

[2] Appellate Issue V was also found to be procedurally barred because defense counsel did not raise the issue at trial – or in her motion for judgment notwithstanding the verdict. *See Brown*, 854 So. 2d at 1085.

Appellate Issue II was a claim that the trial court erred in forcing Brown to proceed with trial when he had just been released from the hospital and was not feeling well. Brown was, however, permitted to explain his medical situation to the court, and defense counsel requested a continuance on the first day of trial – based on Brown's assertion that he had just been released from the hospital earlier in the day and was not fully coherent. *See* S.C.R. at 2-4. In response, the trial judge made the following observation:

> I mean, he's able to articulate his situation today. I just don't see any evidence that he can't – that he can't sit through this trial today. I mean, he's coherent. He's explaining himself. He appears to be in full command of his faculties. As soon as I start saying that, then he starts blinking his eyes and acting like it's some medical problem. But I have observed him while we've been sitting here, and he's been talking and communicating perfectly. I think we should proceed with the trial. I mean, you know, obviously, the hospital wouldn't have released him if they felt that he was in some jeopardy of some immediate medical condition or something like that. So let's go ahead and proceed with trial.

*See* S.C.R. at 4. The record provides little basis for meaningful argument on this issue in light of the clear statements of the presiding judge. Appellate counsel was not deficient in failing to cite any legal authority in support of this claim.

Appellate Issue V challenged the trial court's enhancement of Brown's sentence on the basis of Melvin Edwards' testimony. This claim, likewise lacked factual support in the record. The state presented the evidence necessary for enhancing petitioner's sentence under the second or subsequent offense language of MISS. CODE ANN. § 49-29-147– that petitioner had previously been convicted of a crime involving drugs.[3] During the sentencing hearing, the prosecution

---

[3]MISS. CODE ANN. § 41-29-147 provides, in pertinent part, as follows:

For purposes of this section, an offense is considered a second or subsequent offense, if prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any

presented a certified copy of a previous conviction in cause number 23,757 – as well as testimony of jailer Melvin Edwards, who identified the petitioner as the Anthony Brown who had been convicted in 1994 for sale of cocaine in cause number 23,757. S.C.R. at 135-137. There appears to be no legal authority to undermine the finding of the trial court on this issue. The court cannot hold that counsel was deficient for failure to reference authority to support a point of law – when that authority does not exist.

Moreover, Brown has shown no prejudice from counsel's actions as required to prevail on his claim of ineffective assistance of counsel. As stated above, to prove prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's errors, the results of the proceeding would have been different. *Strickland,* 466 at 694, 104 S.Ct. at 2068. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999)(citations omitted). Given the overwhelming evidence against Brown, it does not appear that he could have prevailed in his appeal – even if counsel could have found citations to support his arguments in Issues II and V.

As such, the Mississippi Supreme Court's rejection of Brown's ineffective assistance of appellate counsel claim was neither contrary to nor an unreasonable application of clearly established federal law in the instant case, and Brown's claim in Ground Two shall be denied.

---

state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.

**Ground Five: The Verdict Was Against the Overwhelming Weight of the Evidence**

Brown argues that the weight of the evidence did not support his conviction, which is not a valid issue for *habeas corpus* review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). As such, Brown is not entitled to relief on the issue raised in Ground Five.

Further, even if the matter were appropriate for *habeas corpus* review, the state appellate court concluded:

> Both officers who were present when Brown was arrested and who were eyewitnesses to the package being taken from Brown's mouth testified. The state crime lab analyst also testified that the substance found in Brown's mouth was cocaine. . . . The testimony of the State's witnesses was convincing to the jury. Since the jury evaluated this evidence and found for the State, this Court should uphold its decision.

*Brown,* 854 So. 2d at 1085-1086. Such a determination regarding the weight of the evidence is entitled to the same deference afforded a state appellate court's finding of the sufficiency of the evidence. *Cf. Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). Brown has presented nothing in his petition to overcome the deference afforded to the findings of fact made by the state appellate court (*see* 28 U.S.C. § 2254(e)(1)); nor has he proved that the state court decision was an unreasonable application of law to the facts. *Williams v. Taylor, supra*. Finally, after having reviewed the record, the court holds that the state court's assessment of the evidence is, indeed, accurate. As such, Brown's claim in Ground Five is without merit and shall be denied.

### Ground Eight: Cumulative Error

Cumulative error can be an independent basis for *habeas corpus* relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). In evaluating a cumulative error charge, meritless claims – or claims that are not prejudicial – cannot be cumulated, regardless of the total number raised. *Derden*, 978 F.2d at 1461. As discussed in detail above, none of Brown's claims has merit. No errors, capable of review, have aggregated to cast doubt upon whether the verdict satisfied due process. An accumulation of non-errors does not create an error. As such, the appellate court's resolution of this issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, habeas relief is not warranted in Ground Eight.

In sum, all of the claims for relief in the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of September, 2008.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**